UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CURTIS L. PRUITT,

    Petitioner,

v.

D. BERKEBILE, *Warden*,

    Respondent.

Civil Action No. 7:11-00119-HRW

**MEMORANDUM OPINION
AND ORDER**

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Petitioner Curtis L. Pruitt, confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), located in Inez, Kentucky, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. [D. E. No. 2]. He has now paid the $5.00 filing fee. [D. E. No. 8].

The Court screens the habeas petition to determine if Pruitt is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)); *see also* 28 U.S.C. § 2243. A district court may summarily dismiss a § 2241 petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). For the reasons set forth below, Pruitt's habeas petition will be denied because he is not

entitled to relief under § 2241.

## ALLEGATIONS OF THE PETITION

Pruitt challenges several conditions of his confinement at USP-Big Sandy. Specifically, he alleges that between May 2011 and July 2011, USP-Big Sandy staff members have retaliated against him for filing a pending civil action in federal court in Indiana; have repeatedly prevented him from engaging in recreational activities; have repeatedly refused to notarize his power-of- attorney documents; have repeatedly impaired access to his attorney by placing him (Pruitt) in the Special Housing Unit ("SHU); and have repeatedly preventing him from calling his attorney to discuss the pending Indiana federal civil action, despite the fact that his Unit Manager had approved his numerous requests to call his attorney.

Pruitt alleges that USP-Big Sandy staff members have maliciously denied him, and other inmates, the means by which to file administrative remedies, although Pruitt offers no details as to this claim. He states, however, that he is currently attempting to administratively exhaust his various claims, and that while he is doing so, he seeks an Order: (1) directing USP-Big Sandy officials to notarize his power-of-attorney document; (2) directing USP-Big Sandy officials to produce copies of any disciplinary actions taken against Correctional Officer "Robinson;" (3) reprimanding the USP-Big Sandy correctional officers who have allegedly denied him recreational

opportunities and prevented him from calling his attorney; and (4) enjoining USP-Big Sandy staff members from harassing and retaliating against him and other inmates.

## DISCUSSION

When a federal prisoner challenges the execution of his sentence, *i.e.*, the Bureau of Prisons' ("BOP") calculation of sentence credits or other issues affecting the length of his sentence, he may file a § 2241 petition filed in the district where he is incarcerated. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). But Pruitt is not challenging the execution of his sentence; he instead complains about specific conditions of his confinement at USP-Big Sandy and seeks injunctive relief, *i.e.*, an Order reprimanding the various USP-Big Sandy officials and enjoining them from engaging in future acts of harassment and retaliation.

Pruitt cannot seek relief from the conditions of his BOP confinement in a § 2241 petition. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004). He must assert these claims in a civil rights action filed under 28 U.S.C. § 1331, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and pay the $350.00 filing fee. Pruitt's § 2241 petition will be denied, as will his request to allow this action to remain pending while he administratively exhausts his claims. Pruitt

is advised that prior to filing a *Bivens* action asserting the claims he raised in this action, he must have *fully* completed the BOP's administrative remedy process.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Curtis L. Pruitt's 28 U.S.C. § 2241 petition, [D. E. No. 2], is **DENIED**;

(2) This proceeding is **DISMISSED**; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Warden D. Berkebile.

This 16th day of August, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge